# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CASE NO. 4:20-CV-175-JHM
[*Filed Electronically*]

| | |
|---|---|
| **AARON LONG, individually and as parent and next friend of C.L., a minor and N.L., a minor** | ) ) ) ) |
| **PLAINTIFFS** | ) |
| v. | ) ) |
| **HOPKINS COUNTY, KENTUCKY** | ) |
| Serve: Judge Jack Whitfield, Jr | ) |
| County Judge-Executive | ) |
| 56 N. Main Street | ) |
| Madisonville, KY 42431 | ) |
| -and- | ) ) |
| **MIKE LEWIS, individually** | ) |
| Serve: Hopkins County Jail | ) |
| 2250 Laffoon Trail | ) |
| Madisonville, KY 42431 | ) ) |
| -and- | ) ) |
| **ADVANCED CORRECTIONAL HEALTHCARE, INC.** | ) |
| Serve: C T Corporation System | ) |
| 306 W. Main Street, Suite 512 | ) |
| Frankfort, KY 40601 | ) |
| -and- | ) ) |
| **WILLIAM GRENIER, APRN, individually** | ) |
| Serve: Hopkins County Jail | ) |
| 2250 Laffoon Trail | ) |
| Madisonville, KY 42431 | ) |
| -and- | ) ) |
| **BETSY RAMEY, RN, individually** | ) |
| Serve: Hopkins County Jail | ) |
| 2250 Laffoon Trail | ) |
| Madisonville, KY 42431 | ) ) |
| -and- | ) ) |

| | |
|---|---|
| **BRANDI GRIGSBY, RN, individually** | ) |
| Serve:   Hopkins County Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **TERESA TORIAN, LPN** | ) |
| Serve:   Hopkins County Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **L. WARD LPN** | ) |
| Serve:   Hopkins County Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **JENNIFER CORNETT, RN** | ) |
| Serve:   Hopkins Regional Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **MATTHEW JOHNSTON, ARNP** | ) |
| Serve:   Hopkins County Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **WHITLEY ADAM, LPN** | ) |
| Serve:   Hopkins Regional Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |
| | ) |
| -and- | ) |
| | ) |
| **JANE/JOHN DOES 1 THRU 20** | ) |
| Serve:   Hopkins County Jail | ) |
|         2250 Laffoon Trail | ) |
|         Madisonville, KY  42431 | ) |

|  |  |
|---|---|
|  | ) |
|  | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT

### I. Introduction

1. Plaintiff Aaron Long complains of the misconduct of Defendants named in the caption above. As more specifically set forth below, Aaron Long was incarcerated at the Hopkins County Jail ("the Jail") and while an inmate developed obviously serious medical needs to which Defendants responded in a manner that was objectively unreasonable, deliberately indifferent, intentional, malicious, grossly negligent and negligent. As a consequence, Aaron Long experienced severe mental and physical pain and suffering and went blind on November 7, 2019. It is the purpose of this action to recover the actual damages Aaron Long sustained as a result of Defendants' misconduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

2. C.L. and N. L., minors, both lost consortium with their father, Aaron Long.

### II. Jurisdiction and Venue

3. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed Aaron Long by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§1331 and 1343. Plaintiff also seeks damages for Defendants' intentional infliction of emotional distress, negligence, gross negligence, and battery. Hopkins County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

### III.  Parties

4. Plaintiffs are residents of Jefferson County.

5. Defendant Hopkins County, at all times mentioned herein, employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the training, supervision and conduct of, Jailer Mike Lewis and the officers, employees, and medical professionals responsible for inmates in the Jail.  Hopkins County was also statutorily responsible for the care and custody of inmates in its Jail pursuant to KRS Chapter 441, *et. seq.*

6. Defendant Mike Lewis was at all times mentioned herein acting individually and/or in his official capacity as Jailer of Hopkins County, and as such established policies either formally or by custom for, and was responsible for the training, supervision and conduct of, the officers, employees, and medical professionals responsible for inmates in the Jail. Lewis was also statutorily responsible for the care and custody of inmates in the Jail, and for the Jail's compliance with KRS 441.045(3) and for providing "necessary care" as defined by KRS 441.045(10).

7. All guards and jail employees at all times acted individually and/or in his/her official capacity.

8. Defendant Advanced Correctional Healthcare, Inc. ("ACH") at all times mentioned herein employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the training, supervision and conduct of, the medical professionals responsible for the inmates in the Jail, including William Grenier and Matthew Johnston, who are advanced practice registered nurses ("APRN"), registered nurses ("RNs") Betsy Ramey, Jennifer Cornett, and Brandi Grigsby, licensed practical nurses ("LPNs") Teresa

Torian, L. Ward, and Whitley Adam, and Jane/John Does health care providers 1 thru 20. Defendant ACH was further required to provide "necessary care" as defined by KRS 441.045(10) under its contract with the Defendant Hopkins County.

9.  Defendants William Grenier, APRN, Betsy Ramey, RN, Brandi Grigsby, RN, Teresa Torian, LPN, L. Ward, LPN, Jennifer Cornett, RN, Matthew Johnston, ARNP, Whitley Adam, LPN, and Jane/John Does 1 thru 20 were at all times mentioned herein medical professionals employed or separately contracted by ACH to attend to the medical needs of inmates in the Jail, and personally participated in the mistreatment of Aaron Long described below.  In addition, it is believed that Defendant Grenier was responsible for the establishment of policies either formally or by custom for, and was responsible for the training, supervision and conduct of, RNs Ramey, Cornett, and Grigsby, LPNs Torian, Ward, and Adam, Matthew Johnston, ARNP, and Jane/John Doe Health Care Provides 1 thru 20.  All the named health care professionals in this complaint, at all times mentioned herein acting individually and/or in his/her official capacity.

### IV.  Nature of Defendants' Conduct

10.  Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Hopkins County.  Defendants knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below.  The offenses described below resulted from the failure of the county, ACH, and the supervisory officials named above to properly or conscientiously train and supervise the conduct of their employees, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of former inmates like Aaron Long.  Defendants' conduct was

objectively unreasonable, intentional and grossly negligent, indicated active malice toward Aaron Long and a total, deliberate and reckless disregard for and indifference to his life and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages Aaron Long is entitled to recover.

## V. Facts

11. Aaron Long was 34 years old when he entered the Hopkins County Jail ("the Jail") in June 2018.

12. Aaron Long reported early on in his stay at Hopkins County Jail that he was having eye problems and vision issues.

13. Aaron Long continued to develop eye and vision issues in June 2018 and complained to Defendants Jail employees and Defendants health care providers at the jail by entering his grievances and medical complaints on a kiosk (a computer terminal) outside his cell.

14. Aaron Long was eventually treated at the jail by Defendants for uveitis.

15. Aaron Long continued to enter complaints on the kiosk and complain to Defendant jail employees and Defendant health care providers between September 2018 and May 2019 that his eye condition was deteriorating.

16. Specifically, starting in July 12, 2018 thru August 1, 2019 Aaron was put in segregation (aka the "hole") because he was complaining of his eye condition.

17. While in the hole, Aaron spoke to a Jail guard, a sergeant, about his medical condition and the sergeant realized Aaron had legitimate medical complaints and the sergeant placed Aaron back in general population at Defendants' Jail.

18. Aaron continued to enter messages in the kiosk between July and August 2019 complaining of his eye condition but then again was put back into segregation.

19.     The same Jail sergeant saw Aaron in segregation and put him back in general population for the same prior reasons.

20.     However, Aaron knew if he kept complaining about his eye condition that he would be put back in segregation so he no longer entered any information on the kiosk outside his cell as of September 2019.

21.     It was not until Aaron was in SAP (substance abuse program) around April 2019 that Aaron was referred to a medical practitioner for his eye condition because the SAP staff sensed Aaron had a very serious medical condition with his eyes.

22.     Aaron was then placed in Roederer Correctional Center in August 2019 and later released from Roederer on November 1, 2019.

23.     Aaron Long's eye condition was left untreated and ignored throughout his incarceration and segregation hold between September 2018 and May 2019 because anytime he complained or entered messages on the kiosk he was put into segregation.

24.     Defendants failed to administer the medical treatment necessary to adequately treat and save Aaron Long's vision.

25.     Despite Aaron Long's obviously serious medical condition, Defendants made the diagnostic decision that Aaron's condition was not sufficiently serious to warrant medical attention and did not put him on a list to be seen by the appropriate medical providers. Defendants were either unaware that there was an inmate in the Jail experiencing severe, emergent eye complications when he was there, or Defendants simply did not care.

26.     Aaron Long was seen by an eye specialist, Bryan Blair, M.D. in late August 2019 for his eye condition. Plaintiff continued to treat with Dr. Blair thru the present time.

27.     Aaron Long was diagnosed as legally blind on November 7, 2019.

28. On or about February 2020, Aaron Long's criminal defense lawyer mentioned to Aaron that Defendants likely did not adequately treat Aaron's eye condition while he was incarcerated which likely lead to his permanent eye condition and blindness. After consulting with a medical professional around that same time, it was confirmed that Aaron's blindness was caused by the failure to treat his condition during the period of time he was in segregation. That was the first time Aaron realized he may have claims against Defendants.

29. Plaintiff has had to undergo multiple eye surgeries because of Defendants' collective negligence.

## VI. Causes of Action

### Count I

30. By virtue of the foregoing, Defendants not only failed and refused to attend to Aaron Long's obviously serious medical needs, but also used excessive force against Aaron Long and/or failed to protect him from a deteriorating medical condition by putting him in isolation at the Jail when he complained of his deteriorating eye condition.

31. Defendants' conduct was intentional, reckless, deliberate, wanton, malicious and/or objectively unreasonable, and was indicative of their total, deliberate, reckless and/or unreasonable disregard of and indifference to Aaron Long's medical condition.

32. Aaron Long's treatment by Defendants was the result of policies, customs and practices of Hopkins County and ACH either written or unwritten, and that such policies, customs and practices were the "moving force" behind Aaron Long's suffering and deteriorating medical condition. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Jail, including Aaron Long, and the

wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

33.     Aaron Long's blindness was also the direct consequence of the failure of Defendant ACH, and the continued failure of Defendants Hopkins County, ACH, and the supervisory medical providers, to train their subordinates on policies and procedures intended to provide appropriate medical care to inmates like Aaron Long experiencing serious medical conditions, and to provide sufficient supervision to ensure that such policies were followed and enforced.

34.     As a result of the foregoing, Aaron Long, through Defendants' objectively unreasonable, deliberately indifferent and grossly negligent -- if not reckless, intentional and/or malicious -- conduct, was subjected to cruel and unusual punishment and denied due process of law in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

**Count II**

35.     By virtue of the foregoing, the individual Defendants named above were negligent and grossly negligent as a result of ministerial rules.

36.     By virtue of the foregoing, Defendants ACH, Grenier, Ramey, Grigsby, Torian, Ward, Jennifer Cornett, Matthew Johnston, ARNP, Whitley Adam, LPN, and Jane/John Does 1 thru 20 all failed to meet the standard of care applicable to their respective medical positions in their care and treatment of Aaron Long.

### Count III

37. By virtue of the foregoing, Aaron Long is entitled to recover for the emotional distress intentionally and/or recklessly inflicted upon him by Defendants' extreme and outrageous conduct.

### Count IV

38. By virtue of the foregoing, Defendant ACH is liable for their employees' violations of Aaron Long's state and common law rights pursuant to the doctrines of vicarious liability and *respondeat superior*.

### V. Damages

39. Aaron Long's suffering was preventable, and he is therefore entitled to recover for the wanton and unnecessary physical and mental pain and suffering he endured, the loss of his power to labor and earn money, and his damages. Also, Defendants' violations of Aaron Long's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for his life and those rights, entitling Plaintiff Aaron Long to recover punitive damages from Defendants in order to deter such conduct in the future. C.L. and N.L. also lost consortium with their father, Aaron Long and are entitled to damages for their loss of consortium.

**WHEREFORE**, Plaintiffs request a trial by jury, and further requests that he be awarded actual and punitive damages, pre- and post-judgment interest, costs, attorneys' fees pursuant to 42 U.S.C. §1988, and all other relief to which he is entitled under law or in equity.

Respectfully submitted,

*/s/ Lee Tucker*
Lee Tucker (Admission Pending)
Lee@thetuckerlawfirm.com
The Tucker Law Firm
517 W. Ormsby Avenue

Louisville, KY 40203
502/561-0085

*/s/ Garry Adams*
Garry Adams
Garry@justiceky.com
Adams Landenwich Walton PLLC
517 W. Ormsby Avenue
Louisville, KY 40203
502/561-0085
***Counsel for Plaintiff***